Balám O. Letona, Esq. (Cal. Bar No. 229642)
Law Office of Balám O. Letona, Inc.
55 River Street, Ste. 220
Santa Cruz, CA 95060
Telephone: (831) 421-0200
Facsimile: (831) 421-0400
letonalaw@gmail.com

Attorneys for Plaintiff:
Adolfo Martinez Lomeli



**Filed**

DEC 31 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

Paid
SI
(99)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSÉ DIVISION

ADOLFO MARTINEZ LOMELI,

    Plaintiff,

vs.

CITIBANK, N.A., CLIENT SERVICES, INC., and DOES 1-10.

    Defendants.

Case No. CV 12- 6570 HRL

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, FAIR DEBT COLLECTION PRACTICES ACT, IDENTITY THEFT LAWS AND DAMAGES

JURY TRIAL DEMANDED

## I. INTRODUCTION

1. Adolfo Martinez Lomeli is a victim of identity theft. Someone committed fraud, stole his identity and made purchases on a Citibank MasterCard without his permission. Mr. Lomeli has repeatedly disputed the charges to Citibank, N.A. ("Citi"). Citi received police reports and identity theft affidavits about the fraud from Mr. Lomeli, but have refused to remove the fraudulent account and charges totaling over $15,000.00 from his credit report. Additionally, Citibank continues to illegally collect the fraudulent charges from Mr. Lomeli through an intimidating and harassing collection campaign using the telephone and mail.

2. As a result of defendants unlawful acts and omissions Mr. Lomeli has suffered credit damage, loss of credit opportunities, fear of applying for credit and emotional distress, including: nervousness, stress, paranoia, embarrassment, humiliation, aggressiveness with others, loss of marital stability, loss of sleep, loss of concentration at work and home, fear, hopelessness, frustration, anxiety, depression, lost time from work, irritation, among other negative emotions



and damages.

## II. FACTS

3. Mr. Lomeli is a monolingual Spanish speaking Mexican-American immigrant, he has a 2nd grade education and has worked his adult life in the agricultural fields of Santa Cruz County. He resides in Watsonville, CA.

4. For the last three years Citi has attempted to collect a credit card debt procured through identity theft from Mr. Lomeli. Citi declared the account in default sometime in 2010 and charged off the debt sometime in August 2011. As of November 2012, Citi alleges Mr. Lomeli owes over $15,000.00. Throughout 2012 Citi mailed Mr. Lomeli collection notes demanding payment.

5. Mr. Lomeli's ordeal starts about three years ago. Between April through October 2009, a person unknown to Mr. Lomeli charged a total of more than $15,000.00 of purchases on a Citibank credit card listed in his name. Most of the charges were for airline tickets. When he learned about the charges he immediately telephoned Citibank to dispute the purchases. After several months Citi concluded that Mr. Lomeli was a victim of identity theft and reversed the charges.

6. In November 2009, Mr. Lomeli requested that Citi close his credit card accounts and not allow anymore charges to incur. On information and belief, Citi closed his credit card account in November 2009.

7. Despite the account having been closed in November 2009, the identity thief made additional charges totaling more than $11,000.00 from November 23, 2009 – December 2, 2009. The charges were for airline tickets. On information and belief the charges were incurred primarily for personal, family or household purposes as is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5) and a "consumer debt" as that term is defined by Cal. Civ. Code §1788.2(f).

8. Once again Mr. Lomeli immediately disputed the charges, but this time Citi refused to reverse the charges. What's worse, during the same time period in December 2009, Citibank

1 allowed the identity thief to open a new credit card and account number. Mr. Lomeli never
2 authorized the new credit card, the fraudulent charges or the new account number. Mr. Lomeli
3 received the credit card associated with the fraudulent account in early January 2010. The card
4 listed two names; his name and the name of an alleged joint account holder Luis Gamba. Mr.
5 Lomeli has never met Mr. Gamba, spoken with him and does not know him. It is likely that Luis
6 Gamba is the identity thief or an alias of the identity thief.

7    9.   Upon receipt of the new credit card in January 2010 Mr. Lomeli immediately called
8 Citibank to close the account and report the fraud. Nonetheless, Citibank persisted in charging
9 Mr. Lomeli for fraudulent charges on the fraudulent account totaling more than $11,000.00.

10    10.   In May 2010, Mr. Lomeli mailed a letter to Citi that included a police report. The
11 police report states that the crime of identity theft pursuant to California Penal Code 530.5(A) is
12 being reported. The report also states that that a person unknown to Mr. Lomeli charged more
13 than $25,000.00 on a credit card for mostly airline tickets and that Mr. Lomeli received a credit
14 card in his name and in the name of Luis Gamba. The report further states that Mr. Lomeli did not
15 request the credit cards and that he did not know Luis Gamba. Despite receiving the police report,
16 Citi continued to charge Mr. Lomeli for the $11,000.00 in fraudulent charges.

17    11.   During all of 2010 and throughout 2012, Citi and its collection agents continued to
18 telephone Mr. Lomeli in an attempt to collect on the fraudulent charges. Citi and its collection
19 agents would harass, annoy and abuse Mr. Lomeli in an attempt to collect on the debt. Citi's
20 collection agents told Mr. Lomeli on repeated occasions that he would lose everything if he didn't
21 pay, that no one can remove the account, and that he is obligated to pay. Many times when
22 defendants reached Mr. Lomeli's voice mail gretting they would hang up the phone and not leave
23 a message.

24    12.   Additionally, from 2010 through 2012 Citi and its collection agents mailed collection
25 letters to Mr. Lomeli demanding that he pay the disputed debt.

26    13.   Sometime in June 2011, Citi referred the $11,000.00 debt to a debt collector, United
27 Collection Bureau, for collection from Mr. Lomeli. At Citi's direction United began an unlawful
28

1  debt collection campaign to collect the fraudulent debt from Mr. Lomeli. United telephoned Mr.
2  Lomeli repeatedly and sent him multiple collection letters in an attempt to collect the debt from
3  Mr. Lomeli. During each telephone call with United he disputed the debt. The letters from United
4  stated that it Mr. Lomeli owed Citi $12,239.39 and demanded that he pay the debt, unless he
5  disputed the debt.

6      14. In July 2011, Mr. Lomeli sent a written letter to United wherein he disputed the debt,
7  stated he was a victim of identity theft and included a police report and an executed FTC Identity
8  Theft Affidavit. Despite receiving the letter, and at Citi's direction, United persisted in
9  telephoning and sending Mr. Lomeli letters in an attempt to collect on the debt.

10      15. In October 2011, Mr. Lomeli sent another dispute letter to United and the same letter
11  to Citi. In the letter he again disputed the debt, included an executed FTC Affidavit, a police
12  report and asked Citi to review the airline tickets purchased with the fraudulent account to
13  confirm that Mr. Lomeli did not use the tickets. Citi ignored his request and continued its
14  collection activity.

15      16. In June 2012, Citi referred the disputed debt to another debt collector to collect from
16  Mr. Lomeli. On or about June 11, 2012, Mr. Lomeli received a collection letter from Client
17  Services, Inc., ("CS"). The debt collection letter states "CITI MASTERCARD account has been
18  placed with our organization for payment…Please make all payments payable to Citibank, N.A.
19  and send payment to Client Services, Inc." The letter states that the balance due is $15,013.72 and
20  "THIS COMMUNICATION IF FROM A DEBT COLLECTION AGENCY. THIS IS AN
21  ATTEMPT TO COLLECT A DEBT." The letter is signed by CS collector Jennifer Davis. At
22  Citi's direction, CS telephoned Mr. Lomeli repeatedly in an attempt to collect on the disputed
23  debt.

24      17. On or about July 13, 2012, Mr. Lomeli sent CS a cease and desist letter with respect
25  to the Citi debt via certified mail return receipt requested. Mr. Lomeli also notified CS that he was
26  a victim of identity theft with respect to the account. CS received the letter on or about July 16,
27  2012.
28

18. Despite receipt of Mr. Lomeli's cease and desist letter, and at Citi's direction, CS and its agents continued collection activity on the disputed debt by telephoning and mailing collection letters to Mr. Lomeli. CS and Citi invaded Mr. Lomeli's privacy. CS harassed and abused Mr. Lomeli by calling repeatedly, sometimes more than once a day and making repeated threats. In each telephone call with CS, Mr. Lomeli disputed the debt.

19. On or about August 22, 2012, CS collector William James sent Mr. Lomeli a collection letter demanding payment. The debt collection letter states in part "Please make all payment(s) payable to Citibank N.A., and send payment(s) to Client Services, Inc..." "Please be aware, as of the date of this letter your total current balance due is $15,532.15." "We look forward to working with you in resolving this matter. William James."

20. CS's day to day activities include attempting to collect debts from consumers via use of the phone and mail. Citi hired CS to collect the disputed debt from Mr. Lomeli.

21. CS and Citi made false, deceptive and misleading statements in an attempt to collect a debt, including misrepresenting the character, amount and status of a debt, engaged in unfair and unconscionable conduct in an attempt to collect a debt, and engaged in conduct the natural consequence was to oppress and abuse Mr. Lomeli.

22. In January 2012, Mr. Lomeli obtained a copy of his Experian, Transunion and Equifax consumer credit disclosures. Mr. Lomeli learned that each of the disclosures listed the fraudulent and inaccurate Citi credit card account/trade line.

23. The inaccurate information includes, but is not limited to; 1) a recent account balance of $13,807.00, 2) account charged off, $12,239 written off and 3) $4,626 past due as of January 2012. On information and belief Citi furnished this inaccurate information to Experian, Transuinon and Equifax.

24. On or about May 11, 2012, Mr. Lomeli mailed Experian, Transunion, Equifax and Citi a written letter disputing the Citi trade line. In addition, Mr. Lomeli included an executed FTC Identity Theft affidavit disputing the fraudulent account. Mr. Lomeli also sent each entity a police report wherein Mr. Lomeli alleged he was a victim of identity theft with respect to the

1 fraudulent account. In the letter Mr. Lomeli stated that he is a victim of identity theft and he
2 requests that the credit reporting agencies reinvestigate the Citi account and that each entity delete
3 the account from his credit disclosure.

4     25. Transunion and Equifax removed the fraudulent account from his credit report.
5 Initially, Experian removed the account, however, at the end of June 2012 it stated it had
6 reinvestigated the account with Citi and the results were that Citi had verified the account.
7 Because Citi "verified" the inaccurate account to Experian, Experian continues to report the
8 inaccurate account on his credit disclosure.

9     26. In August and September 2012, Mr. Lomeli sent letters disputing the inaccurate
10 account to Experian and Citi. The letters requested that the account be reinvestigated, that he is a
11 victim of identity theft with respect to the fraudulent account and that the account be deleted from
12 his credit disclosure. The letters included further proof that Mr. Lomeli did not make any of the
13 fraudulent charges.

14     27. Experian reinvestigated the account with Citi and Citi verified the account to
15 Experian. As such, as of today Experian continues to report that Mr. Lomeli owes Citi over
16 $15,000.00.

17     28. The inaccurate information, among other things, negatively reflects upon Mr.
18 Lomeli's credit repayment history, his financial responsibility as a debtor and his credit
19 worthiness.

20     29. Despite Mr. Lomeli's best efforts, Citi has been furnishing derogatory and inaccurate
21 information and statements relating to Mr. Lomeli to Experian and other credit reporting
22 agencies, third parties and Mr. Lomeli since January 2010 to the present.

23     30. On information and belief, upon receipt of the May, August and September 2012
24 disputes and within the required time period, each of the credit reporting agencies sent Citi notice
25 of Mr. Lomeli's dispute, information with respect to his dispute and his demand for
26 reinvestigation, pursuant to 15 U.S.C. §1681i(a) and 15 U.S.C. §1681s-2. Additionally, the
27 written disputes as outlined above were sent by Mr. Lomeli to Citi at the address designated by
28

them for credit reporting issues and disputes. Mr. Lomeli has suffered denial of credit because of the inaccurate information that appears on his Experian consumer credit disclosure.

31. At all relevant times, the conduct of each defendant named above, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, in conscious disregard for the rights of others, and in grossly negligent disregard for federal and state laws and the rights of Mr. Lomeli herein.

### III. JURISDICTION AND PARTIES

32. Jurisdiction of this Court arises under 15 U.S.C. § 1681 *et.seq.*, 15 U.S.C. § 1692k (d), 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

33. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

34. Adolfo Martinez Lomeli ("Mr. Lomeli or Plaintiff") is a natural person over the age of 18 and is a resident of Santa Cruz County.

35. Defendant Citibank, N.A., is a national bank, with its headquarters in Sioux Falls, South Dakota and a wholly owned subsidiary of Citigroup, Inc., which was doing business at all relevant times in Santa Cruz County and throughout California. Citibank is a financial institution and a furnisher of information to credit reporting agencies.

36. Client Services, Inc., is a Missouri company, with a principal place of business located at 3451 Harry S. Truman Blvd., St. Charles, Missouri 63301, and who regularly engages in the business of collecting debts owed to third parties. CS uses the mail and phone to regularly attempt to collect debts alleged to be due another.

37. Defendants Does 1 through 10 are persons or entities whose true names and capacities are presently unknown to Plaintiff, and who therefore are sued by such fictitious names. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants perpetrated some or all of the wrongful acts alleged herein, is responsible in some manner for the matters alleged herein, and is jointly and severally liable to Plaintiff. Plaintiff will seek leave of

court to amend this complaint to state the true names and capacities of such fictitiously named defendants when ascertained.

38. At all times mentioned herein, each defendant named above was the agent or employee of each of the other defendants and was acting within the course and scope of such agency or employment and under direct supervision and control of each defendant. The defendants are jointly and severally liable to Plaintiff. Defendants approved, authorized and/or ratified the wrongful acts and omissions herein.

## V. FIRST CLAIM FOR RELIEF
### THE FAIR CREDIT REPORTING ACT
### (15 USC 1681s-2b)
### (CITI)

39. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

40. At all relevant times, Citi is a person who furnished information to consumer credit reporting agencies under 15 U.S.C. § 1681s-2.

41. At all relevant times, Experian, Transunion and Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

42. At all relevant times, Mr. Lomeli was a "consumer" as that term is defined by 15 USC § 1681a(c).

43. At all relevant times, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 USC § 1681a(d).

44. Citi's acts and omissions violated 15 U.S.C. § 1681 et seq., including, but not limited to the sections listed below.

45. Within the last two years, Citi has furnished inaccurate information about Plaintiff to the consumer reporting agencies described above.

46. Within the last two years, as described above Plaintiff has disputed the inaccurate information with the consumer reporting agencies.

47. Within the last two years, as described above the consumer reporting agencies have sent Citi notice of Plaintiff's disputes with respect to the inaccurate information it furnished.

48. Within the last two years, as described above the consumer reporting agencies have

1 provided Citi notice of the dispute along with the relevant information Plaintiff provided to the
2 consumer reporting agencies.

3   49. Citi negligently and willfully violated 15 USC § 1681s-2(b) by failing to conduct an
4 appropriate investigation, by failing to review all relevant information, by failing to report the
5 results and by failing to modify, delete or permanently block the reporting of the inaccurate
6 information about the Plaintiff.

7   50. As a result of Citi's failure to comply with the requirements of the FCRA, Plaintiff
8 has suffered actual damages and harm that are outlined more fully above and, as a result, Citi is
9 liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the
10 attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by
11 law.

### VI. SECOND CLAIM FOR RELIEF
### CALIFORNIA CONSUMER CREDIT REPORTING ACT
### (CAL. CIV. CODE § 1785.25)
### (CITI)

51. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

52. Citi is a person who furnished information to consumer credit reporting agencies under Civil Code § 1785.25(a).

53. Citi's acts and omissions violated Civil Code § 1785.25 including, but not limited to the below.

54. Citi willfully and maliciously furnished the inaccurate information to a credit reporting agency it knew as incomplete and/or inaccurate, in violation of Cal. Civ. Code § 1785.25.

55. Citi violated Cal. Civ. Code § 1785.25 by reporting negative information to credit reporting agencies and failing to report the debt as resulting from identity theft and that the debt was disputed.

56. Plaintiff is entitled to actual damages, attorneys' fees, costs, punitive damages and injunctive relief, pursuant to Cal. Civ. Code § 1785.31, as a result of Citi's willful and malicious conduct.

### VII. THIRD CLAIM FOR RELIEF
### CALIFORNIA FAIR DEBT COLLECTION PRACTICES ACT
### (CAL. CIV. CODE § 1788)
### (ALL DEFENDANTS)

57. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

58. Defendants are debt collectors pursuant to Civ. Code § 1788.2.

59. Citi regularly collects debts on its own behalf, using the mail and telephones, and retains agents to collect debts owed to Citi. Citi is a debt collector as defined by Civil Code § 1788.2(c).

60. CS regularly collects debts on behalf of others, using the mail and telephones, and was retained by Citi to collect this alleged debt. Citi is a debt collector as defined by Civil Code § 1788.2(c).

61. Defendants were attempting to collect a consumer debt as defined by Civ. Code § 1788.2(f).

62. Defendants acts and omissions violated Civil Code 1788 et seq., including, but not limited to the sections listed below.

63. Defendants violated Civ. Code §1788.17, which requires "every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j of 15 U.S.C. 1692.

64. Defendants also violated Civ. Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called.

65. Defendants also violated Civ. Code §1788.11(e) by calling Mr. Lomeli with such frequency as to be unreasonable and to constitute harassment under the circumstances.

66. Plaintiff is entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

### VIII. FOURTH CLAIM FOR RELIEF
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT
### (15 USC § 1692)
### (CS)

67. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

68. CS's acts and omissions violated 15 U.S.C. § 1692 et seq., including, but not limited to the sections listed below.

69. Plaintiff is a "consumer" who allegedly owes a "debt", and CS is a "debt collectors", as those terms are defined at 15 U.S.C. § 1692a.

70. All of the letters and telephone calls as described above are "communications" within the meaning of 15 U.S.C. § 1692a.

71. CS regularly attempts to collect consumer debts on behalf of another. CS is a "debt collector" under 15 U.S.C. 1692a(6).

72. CS violated 15 U.S.C. § 1692c by continuing to collect on Mr. Lomeli despite having received a cease and desist letter from Mr. Lomeli.

73. CS violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of an alleged debt.

74. CS violated 15 U.S.C. § 1692d(5) by causing the telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number.

75. CS violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt allegedly owed by Plaintiff.

76. CS violated 15 U.S.C. § 1692e(2) falsely representing the character, amount and legal status of the debt.

77. CS violated 15 U.S.C. § 1692e(5) by threatening to, and taking an action that cannot lawfully be taken.

78. CS violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect a debt allegedly owed.

79. Plaintiff is entitled to actual and statutory damages, pursuant to 15 U.S.C. § 1692k. CS has frequently and persistently failed to comply with the FDCPA and has violated the FDCPA intentionally. The nature of the acts and omissions justifies the maximum statutory damages award available.

80. Plaintiff is entitled to the costs of the action, together with reasonable attorneys fee, pursuant to 15 U.S.C. § 1692k.

### IX. FIFTH CLAIM FOR RELIEF
### CALIFORNIA IDENTITY THEFT STATUTE
### (CIV. CODE § 1798.92)
### (CITI)

81. Plaintiff repeats the foregoing paragraphs as if fully reinstated herein.

82. Citi is a "claimant" within the meaning of Civil Code § 1798.92(a) in that it is a person who purport to have a claim for money or interest in property in connection with a transaction procured by identity theft.

83. Plaintiff is a "victim of identity theft" within the meaning of Civil Code § 1798.92(c) in that he is a person who has had his personal identifying information used without authorization by another to obtain credit, goods, services, money, or property which Plaintiff did not use or possess, and he has filed a police report in this regard pursuant to Penal Code § 530.5.

84. Plaintiff is a victim of identity theft as defined at Penal Code § 530.5, in connection with the Citi credit card.

85. Citi's's acts and omissions violated Civil Code § 1798.92 and § 1798.93 including, but not limited to the sections listed above.

86. Pursuant to Civil Code § 1798.93(c)(1), Plaintiff is entitled to a declaration that he is not obligated on any claim of Citi's's for money or property.

87. Pursuant to Civil Code § 1798.93(c)(3), Plaintiff is entitled to an injunction restraining Citi from collecting or attempting to collect from him on its alleged claims that stem from the identity theft..

88. Pursuant to Civil Code § 1798.93(c)(5), Plaintiff is entitled to damages, attorneys fees, costs, and any equitable relief the court deems appropriate.

89. Pursuant to Civil Code § 1798.93(c)(6), Plaintiff is entitled to a civil penalty of $30,000. Plaintiff provided written notice to Citi, at least thirty days prior to filing an action, at the address designated by Citi for complaints related to credit reporting issues, that a

situation of identity theft might exist and explaining the basis for that belief. Citi failed to diligently investigate Plaintiff's notification of a possible identity theft, and continued to pursue their claims against Plaintiff after being presented with facts that established Plaintiff was a victim of identity theft.

### VI. PRAYER FOR RELIEF

WHEREFORE, Cross-complainants pray for the following relief:

1. For compensatory, actual damages, statutory damages and punitive damages.

3. For statutory, actual and punitive damages, and injunctive relief, pursuant to 15 U.S.C § 1681 et seq.

4. For statutory and actual damages pursuant to 15 U.S.C § 1692k, Civil Code §§ 1788.17 and 1788.30.

5. For statutory, actual and punitive damages pursuant to Civil Code §§ 1785.25 and 1785.31, as well as injunctive relief;

6. For statutory, actual, and punitive damages pursuant to Civil Code § 1798.93, including injunctive relief.

8. That this Court find and declare that Plaintiff is a victim of identity theft with respect to the above mentioned accounts.

9. For declaratory, injunctive and other equitable relief; including an order directing Citi to immediately request that all credit reporting agencies delete all of the inaccurate information from Plaintiff's credit reports and files and that Citi cease reporting the inaccurate information to any and all persons and entities to whom Citi reports consumer credit information.

10. For pre-judgment interest to the extent permitted by law;

11. For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

12. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated 12/29/2012

/s/ _____
Balám O. Letona, Esq.
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Adolfo Martinez Lomeli hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

/s/ _____
Balám O. Letona, Esq.